**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

FRANCOIS ABESSOLO,  Case No. 1:11-cv-680

    Plaintiff,  Spiegel, J.
                                                    Bowman, M.J.

    v.

SARA SMITH, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

**I. Procedural Background and Pending Motions**

On September 1, 2011, Plaintiff Francois Abessolo filed a *pro se* complaint alleging that eight individual defendants, most of whom were Hamilton County employees, violated his constitutional rights during child custody proceedings. Concluding that the Court lacks subject matter jurisdiction over any of Plaintiff's claims, the undersigned recommended dismissal of the entirety of Plaintiff's lawsuit. In the alternative, to the extent that the presiding district judge determined the existence of federal jurisdiction over any of the claims, I recommended that Defendants' motions to dismiss for failure to state a claim be granted. (Doc. 26). Adopting that Report and Recommendation over Plaintiff's objections, the presiding district judge agreed that this Court lacks subject matter jurisdiction over *any* of the claims asserted in Plaintiff's federal lawsuit. (Doc. 33 at 2). Therefore, this case was closed and judgment entered on May 2, 2012. (Doc. 34). Plaintiff received notice of the dismissal of his case by certified mail. (Doc. 35).

Plaintiff filed no timely appeal to the Sixth Circuit Court of Appeals from the judgment of this Court. Instead, long after the time for appeal had expired, on July 18, 2012, Plaintiff filed a "motion to transfer case," in which he seeks to transfer some type of proceeding (whether this federal case, or his ongoing state custody battle remains unclear) from "HCJFS/HCJC" to "Franklin County Children[']s Services/Franklin County Juvenile Court." (Doc. 36 at 2). Defendants have filed both a memorandum in opposition to the requested "transfer" (Doc. 37) as well as a motion to strike Plaintiff's post-judgment motion (Doc. 38).

Although this case was originally referred to the undersigned magistrate judge for disposition or a report and recommendation on all pretrial matters, the authority of a magistrate judge to rule on post-trial matters is somewhat more constrained. *See generally* 28 U.S.C. §636(b)(1)(A)(permitting the designation of a magistrate judge for "pretrial" matters). For that reason, the undersigned issues this Report and Recommendation for review by the presiding district judge, rather than ruling on the pending motions by Order. 28 U.S.C. § 636(b)(1)(B); *see also Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

**II. Analysis**

As Defendants point out in their motion to strike, this Court not only determined that it lacked subject matter jurisdiction over any of the claims filed by Plaintiff in this Court, but has now dismissed Plaintiff's lawsuit from its docket. To the extent that limited jurisdiction initially existed to consider whether this Court had subject matter jurisdiction over any of Plaintiff's claims, this Court no longer retains even such limited jurisdiction. By continuing to file documents with the above caption after the dismissal of his federal case, the *pro se*

Plaintiff demonstrates that he does not fully comprehend the nature of that dismissal. The Court is at a loss to further assist Plaintiff, and as previously stated, lacks jurisdiction to consider any claims or further motions.

### III. Conclusion and Recommendation

For this reason, **IT IS RECOMMENDED THAT** Plaintiff's motion to transfer (Doc. 36) be **DENIED**, that Defendants' motion to strike (Doc. 38) likewise be **DENIED,** and that the District Court prospectively enter an order preventing any further motions or pleadings from being filed by either party in this particular civil case. Any further pleadings or motions tendered by Plaintiff for filing in the within action should be returned to Plaintiff by the Clerk of Court with the following Notice: "No further documents can be filed in this closed case, per order of the district court."

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRANCOIS ABESSOLO,   Case No. 1:11-cv-680

    Plaintiff,   Spiegel, J.
                                             Bowman, M.J.

    v.

SARA SMITH, et al.,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).